**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANDREW J. YELLOWBEAR, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-04589 (UNA) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff, appearing *pro se*, has filed a complaint and an application to proceed *in forma pauperis* (IFP).  For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff, an enrolled member of the Northern Arapaho Tribe, is "incarcerated by the Wyoming Department of Corrections at the Anamosa State Penitentiary in Iowa," Compl., ECF No. 1 at 2, as a result of his first-degree murder conviction in state court.  *See Yellowbear v. Atty. Gen. of Wyoming*, 380 F. App'x 740, 742 (10th Cir. 2010) (citing *Yellowbear v. State*, 174 P.3d 1270, 1273 (Wyo. 2008)).  Plaintiff contends, as he has before, that 28 U.S.C. "§ 2254(d)(1) is unconstitutional, at least as applied to him," *id.*, and he seeks a declaratory judgment stating as much, Compl. at 5-6.  Specifically, Plaintiff wants this Court to declare unconstitutional "sections of the highly restrictive Antiterrorism and Effective Death Penalty Act of 1996" that "effectively impeded his rights to assert" arguments during habeas proceedings under 28 U.S.C. § 2254 about "the proper construction and effect of Treaty's [sic], Acts of Congress, Federal Statutes, and provisions of the U.S. Constitution that pertain to exclusive Federal Jurisdiction on the Wind River Indian Reservation" in Wyoming.  Compl. at 1.

The "availability of declaratory relief presupposes the existence of a judicially remediable right" not established here.[1] *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) (cleaned up).  As recounted in the Complaint, Plaintiff has adjudicated "his jurisdictional claim" via § 2254 proceedings in the U.S. District Court for the District of Wyoming and on appeal to the Tenth Circuit Court of Appeals.  Compl. at 3-4.  This Court lacks subject-matter jurisdiction to review the decisions of those courts.  *See Sanders v. United States*, 184 F. App'x 13, 14 (D.C. Cir. 2006) (per curiam) ("The district court correctly concluded that it lacked jurisdiction to review decisions of the United States Court of Appeals for the Fourth Circuit."); *Atchison v. U.S. District Courts*, 190 F. Supp. 3d 78, 88 (D.D.C. 2016) ("[T]his Court has no subject matter jurisdiction to reconsider the decisions of other federal district courts.") (collecting cases)).

Plaintiff has not "alleged a cognizable cause of action and therefore [has] no basis upon which to seek declaratory relief."  *Ali*, 649 F.3d at 778.  Since no "allegation of other facts" could possibly cure this deficiency, *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996), the complaint will be dismissed with prejudice for failure to state a claim.  28 U.S.C. § 1915A(b)(1). A separate order accompanies this Memorandum Opinion.

_____/s/_____
RUDOLPH CONTRERAS
Date: April 28, 2026                                    United States District Judge

---

[1]   This action is titled "Complaint Pursuant to 28 U.S.C. Sec. 1331(a)." Section 1331 generally confers in the district courts original jurisdiction over actions presenting a federal question.  But "[f]or a case to raise a federal question within the scope [of § 1331], it must implicate some provision of substantive federal law." *Youkelsone v. FDIC*, 560 F. App'x. 4, 5 (D.C. Cir. 2014) (per curiam). The Declaratory Judgment Act creates a remedy "[i]n a case of actual controversy within" a court's jurisdiction.  28 U.S.C. 2201(a).  It does not "provide a cause of action" nor "an independent source of federal jurisdiction." *Ali*, 649 F.3d at 778 (cleaned up).